UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L BASKIN,

   Plaintiff,

v.                                     Case No. 3:21cv700-LC-HTC

LIEUTENANT J HAIR, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edward Lee Baskin commenced this action by delivering to prison mail officials on April 19, 2021, a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed without prejudice as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

On April 19, 2021, Plaintiff filed a handwritten and largely illegible civil rights complaint. ECF Doc. 1. Not only was Plaintiff's complaint not on this Court's required forms, but it was also unaccompanied by a completed motion to proceed *in*

*forma pauperis* or the $402.00 filing fee, as required by Local Rule 5.3. *See* N.D. Fla. Loc. R. 5.3 ("A party who files . . . a civil case must *simultaneously* either pay any fee required . . . or move for leave to proceed *in forma pauperis*") (emphasis added). Thus, on April 23, 2021, the Court directed Plaintiff to file an amended complaint and to either pay the filing fee or submit a completed motion to proceed *in forma pauperis* within the required time. ECF Doc. 3. Rather than complying with the Court's directives, Plaintiff proceeded to file two identical, nonsensical motions titled "Motion to Access Courts Without Sale, Denial or Delay." ECF Docs. 4, 5. As discussed more below, the Court denied both motions on May 6, 2021, and extended Plaintiff's time to file a motion to proceed *in forma pauperis* or pay the filing fee. ECF Doc. 6.

Once more, Plaintiff did not file an amended complaint, did not pay the $402.00 filing fee, and did not file a motion to proceed *in forma pauperis* within the time required. Thus, on June 4, 2021, the Court entered a show cause order, giving Plaintiff fourteen (14) days to show cause why the case should not be recommended for dismissal. ECF Doc. 7. On June 21, 2021, *after* this Court's deadline, Plaintiff delivered a response to the show cause order to Lake Correctional Institution ("Lake CI") mail officials. ECF Doc. 8. In Plaintiff's belated "Reply to Show Cause of Action," he asserts prison officials are interfering with his access to the Courts and seeks to "proceed this case pursuant to sovereignty under Fla. Const. Art. 1. Section

21." ECF Doc. 8 at 1. Although Plaintiff references grievances being filed, he attaches none to the Reply.

Plaintiff's Reply is not the first time Plaintiff has lodged unsubstantiated allegations against prison officials for his failure to comply with this Court's orders. On May 5, 2021, the clerk docketed in several of Plaintiff's nineteen (19) cases then pending in this District, including the instant case, Plaintiff's "Motion to Access Courts Without Sale, Denial or Delay." ECF Docs. 4, 5; *see, e.g.*, *Baskin v. Leavins*, 3:21cv698-MCR, ECF Docs. 4, 5. In that "motion," Plaintiff alleged he was unable to request and receive from the classification officer a complete financial certificate and printout of his inmate account statement and that the officer was "retaliating and intentionally obstructing justice in the existence of depriving [him] of necessary documents to proceed in forma pauperis." *Id.*

As stated above, the undersigned denied the motion in this case and also in each of Plaintiff's cases that was assigned to the undersigned, and in doing so, specifically advised Plaintiff that he had not provided any evidence he had exhausted the issue raised with the institution or the Florida Department of Corrections, and further that the Court's rules require Plaintiff to file a motion to proceed *in forma pauperis* "simultaneously" with the complaint. ECF Doc. 6; N.D. Fla. Loc. R. 5.3.

Although it is not atypical for the Court to allow a plaintiff to submit a completed application to proceed *in forma pauperis* after a complaint is filed, there

is no indication in this case that Plaintiff intends to comply with his obligation or that he can or will provide proof to the Court of why he cannot comply with this obligation. The Court notes, in particular, that since April 21, 2021, Plaintiff has filed at least twenty-seven (27) cases in this District, five (5) of which were filed after June 1, 2021, and nineteen (19) that were filed on the same day. Aside from just one case, *Baskin v. Guyton*, 321cv601-MCR-HTC, where Plaintiff filed an incomplete *in forma pauperis* motion, Plaintiff did not file a motion to proceed *in forma pauperis* or pay the filing fee at the time of filing in any of his twenty-seven (27) cases.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL

2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process and for failure to comply with Court orders.

2. The clerk be directed to close the file.

Done at Pensacola, Florida, this 28th day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**